United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUL 20  A 10: 23

| | |
|---|---|
| Jerry Terrell Sanders; | C/A No. 9:06-1705-JFA-GCK |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| Solicitor Jay Hodges; Sherrie Baugh; and Darlington Detention Center Director; | |
| Defendants. | |

The Plaintiff, Jerry Sanders (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff states that he is a pre-trial detainee in the custody of Darlington County. In responses to Special Interrogatories, Plaintiff indicates that he was arrested on June 2, 2006, and has been indicted on charges of possessing crack cocaine. [Docket Entry # 5, p. 2.] Plaintiff sues the prosecuting attorneys for wrongful imprisonment and also seeks monetary damages from the director of the Darlington County Detention Center because he has been detained in a "lockdown" unit since June 3, 2006. Answering questions concerning possible disciplinary proceedings, Plaintiff explains that he was charged with "causing a disruption due to unlawfully being housed." Further, he admits: "I was guilty because of refusal to go to room and disciplined



1

by being put on lock down [illegible] which inconvienced [sic] me in every way possible concerning regular pod proceedings and priveledges [sic]."

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999) The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement; they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. Confinement conditions of pretrial detainees are normally

evaluated under the Due Process Clause rather than the Eighth Amendment, because due process proscribes any punishment before proper adjudication of guilt. Bell v. Wolfish, 441 U.S. 520 (1979). The due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978).

Insofar as Plaintiff complains of "wrongful imprisonment" while awaiting trial, he fails to state a viable claim against the Defendants under 42 U.S.C. § 1983. Pre-trial detention is not a deprivation of due process, even when a defendant claims he is innocent or guilty of a lesser charge. In Brooks v. City of Winston-Salem, N.C., 85 F. 3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals took the occasion to consider whether or not a liberty interest exists in avoiding prosecution upon less than probable cause. In the Brooks decision, and in the earlier case of Taylor v. Waters, 81 F. 3d 429 (4th Cir. 1996), the Fourth Circuit made the following observation, drawing in particular upon Gerstein v. Pugh, 420 U.S. 103 (1975):

> Th[e Fourth] amendment requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause as a condition of significant pretrial restraint of liberty. [Citation omitted] Once such a determination of probable cause has been rendered, however, the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable. [Citations omitted.] Instead, other constitutional guarantees contained in the Bill of Rights – such as the right to a speedy trial – protect the accused by ensuring that he will not be detained indefinitely before an "ultimate determination of...innocence is placed in the hands of the judge and the jury." [Citation omitted]

81 F. 3d at 428-429.

For another reason, the Complaint fails to state a claim against Defendants Hodges and Baugh. South Carolina Solicitors are protected by quasi-judicial immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury

3

proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, supra, 500 U.S. 478 (1991).

Plaintiff has presented this identical claim to the Court in a prior action which was dismissed two months ago on the grounds stated above. See Sanders v. Hodges, 9:06-082-JFA-GCK (D.S.C. 2006). The Court may take judicial notice of this previous action. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

The present Complaint duplicates Plaintiff's prior action and, therefore, should be dismissed as frivolous. Two United States Circuit Courts of Appeal have affirmed the authority of district courts to dismiss such duplicative cases as "frivolous" under the provisions of (former) 28 U.S.C. § 1915(d), now codified as 28 U.S.C. § 1915(e)(2). See Aziz v. Burrows, 976 F. 2d 1159 (8th Cir. 1988); Bailey v. Johnson, 846 F. 2d 1019 (5th Cir. 1988). The United States Court of Appeals for the Fourth Circuit has cited Aziz with approval in an unpublished opinion, Cottle v. Bell, 229 F. 3d 1142 (4th Cir. 2000).

Finally, Plaintiff also sues the director of the Darlington County Detention Center because he was placed in a "lockdown" unit as a result of a disciplinary proceeding in which he admits that he caused a disruption. Under constitutional scrutiny, administrative segregation itself requires only limited due process. Hewitt v. Helms, 459 U.S. 460 (1983). Federal courts are cautious to afford appropriate deference and flexibility to state prison officials managing the volatile prison environment. See Sandin v. Conner, 515 U.S. 472 (1995); Beverati v. Smith, 120 F. 3d 500 (4th Cir. 1997).

Plaintiff's admission of guilt could in itself justify dismissal of this action. More important, however, are Plaintiff's equivocal statements regarding his pursuit of administrative relief. In his Complaint, Plaintiff claims that he filed a written grievance regarding his placement in administrative segregation. He states that the jail administration responded that he would be moved "when a space opens." [Docket Entry # 1-1, p. 2] In response to Special Interrogatories, Plaintiff admits he caused a disruption and was disciplined. [Docket Entry # 5, p. 2.] He does not claim that he sought administrative relief from the sanction nor even that he informed his attorney of the incident. The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a) provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Plaintiff's quest for intervention by this Court at this time is premature under the PLRA exhaustion requirement..

## CONCLUSION

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless

5

legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

The Defendants should not be required to answer this frivolous action. It is therefore recommended that the within Complaint be **dismissed without prejudice but that this dismissal be deemed a "strike" under the "three strikes" rule of 28 U.S.C. 1915(g).** The Plaintiff's attention is directed to the Notice on the following page.

George C. Kosko
United States Magistrate Judge

Dated: July 20, 2006
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
